# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**VS.**                                      **4:04CR00228-01-WRW**

**MARY EDELMANN**                                                            **DEFENDANT**

## ORDER

Hearings were held October 13, 2005 and October 25, 2005 on Defendant's Motions to Withdraw her Guilty Plea,[1] to Proceed *Pro Se* with Standby Counsel, to Set Aside her Conviction, and to Dismiss her Indictment.[2]

Defendant was allowed to represent herself at the hearing in this matter, with Mr. Blake Hendrix as her "stand-by counsel." So, this part of Defendant's Motion was GRANTED.

Defendant's Motion to Set Aside her Conviction and Indictment in a companion case,[3] (4:02CR00128) is DENIED. Final Judgement was entered in that case and a Notice of Appeal has been lodged.[4]

Now I turn to Defendant's Motion to Withdraw her Plea in this case. Defendant entered into a plea agreement and pled guilty on November 9, 2004. According to the plea agreement the case was consolidated with the companion case (4:02CR00128). Defendant was, therefore, transferred to the other Court for sentencing.[5] Before being sentenced, Defendant filed a Motion

---

[1] Doc. No. 46.

[2] Doc. No. 55.

[3] *United States v. Mary Edelmann,* 4:02CR00128, Doc. No. 263.

[4] *United States v. Mary Edelmann,* 4:02CR00128, Doc. No. 269.

[5] Doc. No. 27.

1

to remove Jerome Kearney as her lawyer. The Motion was granted, and Mr. Blake Hendrix was appointed in Mr. Kearney's place.[6] After this, a Motion to Withdraw the Guilty Plea was filed.[7]

The case was transferred back to me because Defendant pled guilty before me, and, in the other judge's view, I am in the best position to weigh the credibility of Defendant's reasons for withdrawing her plea..

## Standard of Review

"A guilty plea is a solemn act not to be set aside lightly."[8] Whether Ms. Edelmann's guilty plea is knowing and voluntary is a mixed question of fact and law.[9] Before sentencing, a defendant can withdraw a guilty plea for any just reason.[10] The standard set by Rule 11 of the Rules of Criminal Procedure is a liberal one, but it does not create an automatic right to withdraw a plea.[11] The defendant must show why she should be permitted to withdraw a plea that she made under oath.[12]

## Discussion

Defendant argued that she should be allowed to withdraw her plea because she was depressed, was taking medication at the time of the plea, and was unduly pressured to plead guilty. Defendant's assertions are not credible.

---

[6]Doc. No. 36.

[7]Doc. No. 46.

[8]*United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997).

[9]*Easter v. Norris*, 100 F.3d 523, 525 (8th Cir. 1996).

[10]Fed. R. Crim. P. 11(d)(2)(B).

[11]*United States v. Smith*, 422 F.3d 715 (8th Cir. 2005).

[12]*Id.*

I credit the testimony of her former attorney, Mr. Kearney, who testified, among other things, that he began negotiating with the prosecution at the request of Defendant; that he was aware she was taking pain medication; and that he spoke with Defendant frequently. Mr. Kearney further testified that his conversations with Defendant about the terms of the plea agreement were lengthy. Mr. Kearney stated that during his conversations with Defendant, he had no reason to suspect that she was impaired as a result of medication, nor did she appear to be suffering from a mental defect. Mr. Kearney asserted that it was and remains his belief that the terms of the agreement were advantageous to Ms. Edelmann; and, throughout the entire process, she was competent.

> The following is taken from the plea colloquy:
>
> THE COURT:   Are you taking any prescription medication that might affect your thinking this morning?
>
> THE DEFENDANT:   I'm taking some prescription medication, but it's not affecting my thinking.
>
> THE COURT:   You're fully at yourself, in your opinion?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   You haven't had any alcohol or any other drug that would affect your mind?
>
> THE DEFENDANT:   No, sir.
>
> THE COURT:   Have you had plenty of time to talk over what pleading guilty to a felony means with your lawyer?   Mr. Kearney?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT:   Do you need more time?
>
> THE DEFENDANT:   No, sir.[13]

---

[13] Transcript of Change of Plea Hearing, p. 2, line 25 and p. 3 lines 1-14.

Reflecting on Defendant's demeanor on the date of her plea, I find that she was fully at herself. She stated that the medicine she was taking did not affect her thinking. It appeared to me that she was alert and understood what was going on. Her lawyer, Mr. Kearney, was, and is, of the same opinion. At the plea hearing there was the following exchange between Mr. Kearney, and the Court:

> THE COURT:   Mr. Kearney have you had a meaningful conversation with your client today?
>
> MR. KEARNEY: I have, your Honor.
>
> THE COURT:   Do you feel like she is fully at herself and understands what's involved here?
>
> MR. KEARNEY:   Yes, I do.[14]

Furthermore, Ms. Edelmann responded to questions at the plea hearing as follows:

> THE COURT:   Ms. Edelmann, I've read this 14 page plea agreement. On page 13, paragraph 17A, it says, and I quote: 'The defendant has read this agreement and carefully reviewed every part of it with her attorney.' Is that a correct statement?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   You have read the whole thing and gone over each and every paragraph and sentence of it with your lawyer?[15]
>
> THE DEFENDANT: Yes, sir.
> THE COURT:   Do you feel like you understand it?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   Is that your signature on page 14?
>
> THE DEFENDANT: Yes, sir.

---

[14] Transcript of Change of Plea, p. 4, lines 4-9.

[15] *Id.* at p. 9, lines 19-25.

THE COURT:   All right.   It's dated the 9th day of November, and I see Ms. Jegley's signature and I see what purports to be Mr. Kearney's signature and you tell me now that that's your signature.  And do you think this plea agreement is in your best interests?

THE DEFENDANT: Yes, sir.

THE COURT:   Do you want me to accept it?

THE DEFENDANT: I --  Yes, sir.[16]

The following colloquy occurred as Ms. Edelmann pled guilty:

THE COURT:   All right.   How do you plead to the count that I summarized earlier of wire fraud?

THE DEFENDANT:   Guilty.

THE COURT:   Is that because you were and are in truth and in fact guilty?

THE DEFENDANT:   I spent the money.

THE COURT:   That's not my question.   My question is, are you in truth and in fact flat-footedly guilty to the charge against you?

THE DEFENDANT:   Yes.

THE COURT:  Is what Ms. Jegley said in summary, is that entirely accurate?

THE DEFENDANT:   To the best of my knowledge.

THE COURT:   Well, is there anything in that you don't think is accurate?

THE DEFENDANT:   I'm not familiar with all the facts she stated, but to the best of my knowledge, what she said was accurate.

---

[16]*Id.* at p. 10, lines 1-13.

5

THE COURT:   Did you set up accounts and commit wire fraud knowing that you were violating the law?

THE DEFENDANT:   Yes.[17]

It is noted, that the Assistant U.S. Attorney, Ms. Jegley, in summarizing the expected evidence if a trial were held, spelled out conduct consistent with wire fraud in considerable detail.[18] Furthermore, the plea agreement itself provided:

> *One,* the defendant voluntarily and intentionally devised a scheme to defraud another out of money by means of false representations or promises;
> *Two*, the defendant did so with the intent to defraud;
> *Three,* it was reasonably foreseeable that interstate or foreign wire communication would be used; and
> *Four*, interstate or foreign wire communications were used in furtherance of some essential step in the scheme.[19]

Immediately below the above is the following: "The defendant agrees that she is guilty of the offense charged and each of these elements is true."[20]

In fine, Defendant has failed to provide a credible reason why she should be allowed to withdraw her plea, when her demeanor and her statements under oath show that she fully understood the nature of the charges to which she was pleading guilty, and was fully advised of the consequences of her plea.

The Motion to Withdraw the Plea is DENIED.

IT IS SO ORDERED this 16th day of November, 2005.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[17]*Id.* at p. 15, lines 3-25.

[18]*Id.* at p. 11, lines 8-25; p. 12 lines 1-25; p. 13, lines 1-25; p. 14 lines 1-12.

[19]Doc. No. 26.

[20]*Id.*