**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                    RESPONDENT

v.                                          **4:04-CR-00228-WRW
4:07-CV-00433-WRW**

MARY K. EDELMANN                                                              PETITIONER

<u>ORDER</u>

Pending is Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 103). The

Prosecution has responded,[1] and Petitioner replied.[2]  Petitioner also has filed a Motion to

Conduct Discovery (Doc. No. 110) and a Motion to Strike (Doc. No. 111).


**I.      BACKGROUND**

Petitioner was charged in a two-count indictment with wire fraud, a violation of

18 U.S.C. § 1343, and committing an offense while on pre-trial release in another case, a

violation of 18 U.S.C. § 3147(1).  On November 9, 2004, Petitioner pled guilty to Count One of

the indictment, and, on December 8, 2005, she was sentenced to 37 months in prison and

directed to pay $25,000 in restitution.  Petitioner appealed, and on August 22, 2006, the Eighth

Circuit Court of Appeals affirmed the order and judgment of this Court.[3]

---

[1]Doc. No. 109.

[2]Doc. No. 112.

[3]Doc. No. 102.

**II.      DISCUSSION**

Petitioner asserts that she is entitled to habeas relief based on the following claims: (1) vindictive and retaliatory prosecution; (2) the indictment failed to state a criminal offense in violation of the Fifth and Sixth Amendments; (3) the trial court lacked jurisdiction; (4) the plea agreement was invalid; (5) the plea was coerced and involuntary; (6) the sentence was based on non-existent guidelines; (7) constructive amendment of indictment; (8) breach of plea agreement; (9) ineffective assistance of counsel / denial of conflict free counsel; and (10) misconduct by the prosecutors.

**A.      Vindictive and Retaliatory Prosecution**

Petitioner asserts that this case constituted vindictive and retaliatory prosecution. Specifically, Petitioner contends two U.S. Attorneys "instituted this case as a means to retaliate against [her] for filing a civil case and administrative complaints against them. . . ."[4]  She points out that, on September 16, 2004, she filed a civil action, naming over forty defendants -- including the U.S. Attorney for the Eastern District of Arkansas and four Assistant U.S. Attorneys[5]-- and on October 6, 2004, the indictment was filed in this case.  The indictment charged Petitioner with fraudulent use of a credit card in October, 2003, while Petitioner was out on bond awaiting trial in another case.[6]

Vindictive prosecution claims require a petitioner to "show that the prosecution was brought in order to punish the defendant for the exercise of a legal right. The burden is a heavy

[4]Doc. No. 104.

[5]The Assistant U.S. Attorney who filed the indictment in this case was not named in Petitioner's civil case.

[6]*United States v. Mary Edelmann*, No. 4:02-CR-128-GH (E.D. Ark. filed July 25, 2002).

one, and we recognize the broad discretion given to prosecutors in enforcing criminal statutes."[7] "To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such."[8] "A presumption [of vindictiveness] does not arise just because action detrimental to defendant was taken after the exercise of defendants legal rights . . . ."[9]

Petitioner has not met her burden.  The fact that Petitioner filed a civil case that named several Assistant United States Attorneys a few weeks before being indicted in this case seems to be pure coincidence -- especially in light of the fact that the civil case appeared to be frivolous;[10] the prosecutor defendants likely were entitled to immunity; and the prosecutor who signed this indictment was not a defendant in the civil case.  I also note that, according to Petitioner's lawyer's unrebutted testimony, it was Petitioner, not the Prosecution, who initiated the idea that her civil case be dropped as part of the plea negotiations.[11]  Finally, during the plea hearing, I asked Petitioner "Have any promises been made to you other than the promises in that written plea agreement to get you to plead guilty?" and have "[a]ny threats been made against you to get you to plead guilty?"  To both questions, Petitioner responded "No, sir."[12]

Because Petitioner has failed to present any objective evidence of a vindictive motive or facts that would create an appearance of vindictiveness, this claim is DENIED.

---

[7]*United States v. Campbell*, 410 F.3d 456, 461 (8th Cir. 2005).

[8]*United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995).

[9]*Campbell*, 410 F.3d at 462.

[10]In addition to the U.S. Attorneys, the civil complaint named numerous banks, Petitioner's husband's ex-wife, two state court judges, three police departments, and several lawyers as defendants.

[11]October 13, 2005 Tr. at 61.

[12]November 9, 2004 Tr. at 10-11.

**B.     The Indictment Failed to State a Criminal Offense**

Petitioner contends that, although the indictment charged her with violating the wire

fraud statute, "the elements of a wire fraud offense were not alleged in the indictment."[13]

"An indictment is sufficient if it: (1) contains the elements of the charged offense and

fairly informs the defendant of the charge against which he must defend; and (2) enables him to

plead double jeopardy as a bar to further prosecution."[14] "It is not necessary that the indictment

use the precise language used in the statute" so long as it can be fairly read to allege "an offense

recognized by the law."[15]

Count 1 charged Petitioner with wire fraud under 18 U.S.C. § 1343.  The four essential

elements of this offense are: (1) the defendant voluntarily and intentionally devised or

participated in a scheme to defraud another out of money by means of material false

representations or promises; (2) the defendant did so with intent to defraud; (3) it was reasonably

foreseeable that interstate wire communication would be used; (4) and interstate wire

communication was used in furtherance of some essential step in the scheme.[16]  Count 1 of the

indictment reads:

> SCHEME TO DEFRAUD
> 1.  In or about October, 2003, MARY K. EDELMANN obtained the personal
> identifiers of an individual who resides in Sausalito, California.
>
> 2.  On or about October 16, 2003, MARY K. EDELMANN used the personal
> identifiers of this individual to open credit card account number 7498423283110
> at MBNA America via the Internet.

---

[13]Doc. No. 104.

[14]*United States v. Diaz-Diaz*, 135 F.3d 572, 575-76 (8th Cir. 1998).

[15]*United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988).

[16]EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS CRIMINAL § 6.18.1341
(2003).

3. On or about October 22, 2003, a direct deposit balance transfer in the amount of $25,000 was made from MBNA account number 7498423283110 to Bank of the Ozarks account number 2042001145 held in the names of CHRIS or MARY EDELMANN.

4. On or about October 23, 2003, Bank of the Ozarks received the $25,000 MBNA wire transfer. On or about October 24, 2003, Bank of the Ozarks returned the funds to MBNA because they had come from an MBNA account in a name other than CHRIS or MARY EDELMANN.

5. On or about October 27, 2003, MARY K. EDELMANN added her name as an authorized signatory on the MBNA account number 7498423283110.

6. On or about October 29, 2003, a direct deposit balance transfer in the amount of $25,000 was made on MBNA account number 7498423283110 and such funds were received and accepted by Bank of the Ozarks and credited to Bank of the Ozarks' account number 2042001145 which belonged to CHRIS or MARY K. EDELMANN.

7. On or about October 29, 2003, in furtherance of the scheme to defraud, and to execute the scheme and artifice, the defendant, MARY K. EDELMANN, caused to be transmitted in interstate commerce by means of a wire communication, that is, a direct deposit balance transfer of $25,000.00 from the MBNA America credit card account number 7498423283110 to account number 2042001145 at Bank of the Ozarks in the Eastern District of Arkansas.

All in violation of Title 18, United States Code, Section 1343.[17]

The indictment clearly tracks the elements of wire fraud and alleges facts as to the nature of the scheme, the means of execution of the scheme, the time-frame and locale of the offense, the amount of loss, and the name of the financial institutions affected by the wire fraud scheme.

Accordingly, Petitioner's claim that the indictment failed to state a criminal offense is DENIED.

---

[17]Doc. No. 1.

### C.      The Trial Court Lacked Jurisdiction

This claim is based on Petitioner's claim regarding the invalid indictment.  As discussed above, the indictment is valid.  Accordingly, this claim is without merit, and is DENIED.

### D.      The Plea Agreement Was Invalid

This claim is based on Petitioner's claim regarding the invalid indictment.  As discussed above, the indictment is valid.  Accordingly, this claim is without merit, and is DENIED.

### E.      The Plea Was Coerced and Involuntary

This issue was addressed already by this Court and the Eighth Circuit Court of Appeals.[18] Since issues previously considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a motion brought under § 2255,[19] this claim is DENIED.

### F.      The Sentence Was Based on Non-existent Guidelines

Petitioner contends that she was "sentenced to a non-existent provision of the sentencing guidelines . . . [because] §2B1.1(b)(9)(C)(i) was deleted from the Sentencing Guidelines Manual effective November 1, 2003."[20]  Petitioner also asserts that the 2005 Sentencing Guidelines should have been used, since the 2005 Guidelines was the "most advantageous version" and "was in effect at the time [she] was sentenced."[21]

For two reasons, Petitioner's argument is erroneous.  First, the 2003 Guidelines were the "most advantageous" to Petitioner, since the 2003 Guidelines established a base offense level of

---

[18]See *United States v. Mary K. Edelmann*, No. 05-4348 (8th Cir. filed Aug. 22, 2006).

[19]See *United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983) (Holding that since Petitioner's "illegal search and seizure argument was previously resolved adversely to him on direct appeal, it is not cognizable under section 2255.").

[20]Doc. No. 104.

[21]Doc. No. 104.

6, and the 2005 Guidelines established a base offense level of 7.  Second, both Guidelines permit a 2-level enhancement for "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification."  The 2005 Guidelines set out the enhancement in §2B1.1(b)(10), rather than in §2B1.1(b)(9)(C)(i).

In addition to the two reasons above, this issue was addressed already by this Court and the Eighth Circuit Court of Appeals,[22] and issues previously considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a motion brought under § 2255.[23]

Accordingly, Petitioner's claim that the sentence was based on non-existent guidelines is DENIED.

### G.      Constructive Amendment of Indictment

Petitioner asserts that she was "sentenced to an increased term of Supervised Release based on purported facts that were not alleged in the indictment, and to which Defendant had not agreed to in the Plea Agreement."[24]  She also contends that the

> term of Supervised Release imposed by the Court should have been no more than 3 years and instead federal prosecutors drafted the Plea Agreement to reflect that the term of Supervised Release should be imposed of not more than 5 years.  The only means by which the increased term of Supervised Release could have been imposed is if the indictment had alleged that the offense involved a financial institution and only if this element of the offense was set out in the Plea Agreement, which it was not.[25]

---

[22]See *United States v. Mary K. Edelmann*, No. 05-4348 (8th Cir. filed Aug. 22, 2006).

[23]See *United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983) (Holding that since Petitioner's "illegal search and seizure argument was previously resolved adversely to him on direct appeal, it is not cognizable under section 2255.").

[24]Doc. No. 104.

[25]Doc. No. 104.

The indictment charges that Petitioner violated 18 U.S.C. § 1343 and that the offense involved an MBNA America credit card account and the Bank of the Ozarks. Since the offense affected a financial institution, it is a Class B felony, which permits 5 years supervised release. Petitioner's claim is DENIED.

### H.    Breach of Plea Agreement

Several of Petitioner's arguments regarding breach of the Plea Agreement involve events in the case before the late Judge George Howard. Those arguments are not properly brought in the habeas petition for this case and will not be considered.

Petitioner asserts that the Prosecution's request that the sentence in this case run consecutively to the sentence in the other pending case constituted a breach of the Plea Agreement. Petitioner's position is directly contradicted by the Plea Agreement, which reads: "The parties stipulate that the sentencing in this case <u>shall run consecutively</u> to the sentence imposed in case number 4:02CR00128-GH."[26]

Petitioner also contends that "prosecutors breached the Plea Agreement when they demanded that Defendant turn herself into the U.S. Marshall Service the following day instead of after the sentencing as required by the Plea Agreement."[27] Contrary to Petitioner's assertions, the Plea Agreement reads: "The defendant agrees that she will be remanded to the custody of the United States Attorney General following her sentencing on <u>November 10, 2004</u> . . . ."[28] Additionally, Petitioner's counsel understood that November 10, 2004 was the key element of the agreement -- rather than actual sentencing. The November 9, 2004 Unopposed Motion to

---

[26]Doc. No. 104, Ex. 4 (emphasis added).

[27]Doc. Nol 104.

[28]Doc. No. 104, Ex. 4 (emphasis added).

Continue Sentencing reads: "By agreement, Ms. Edelmann is to surrender herself to the U.S. Marshal's on November 10."[29]

Petitioner's breach of Plea Agreement claim is not supported by the record, and is DENIED.

### I.       Prosecutorial Misconduct

In this claim, Petitioner briefly reasserts all the other claims of her habeas petition.  For the same reasons as discussed above, this claim is DENIED.

### J.       Ineffective Assistance / Denial of Conflict Free Counsel

Petitioner contends that her counsel was ineffective for (1) failing to file a motion to dismiss the indictment based on vindictive prosecution; (2) failing to raise the issue of invalid indictment on direct appeal; (3) failing to raise the issue of lack of jurisdiction; (4) allowing Defendant to be coerced into an invalid plea agreement; and (5) because counsel "labored under conflict of interest."[30]

To prevail on an ineffective assistance of counsel claim, Petitioner must show both deficient performance and prejudice.  Petitioner must demonstrate (1) that her counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[31]

---

[29]*United States v. Mary Edelmann*, No. 4:02-CR-128-GH (E.D. Ark. filed July 25, 2002), Doc. No. 195.

[30]Doc. No. 104.

[31]*Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

The Eighth Circuit already has determined that Petitioner's assertion that her counsel labored under a conflict of interest "is not supported by the record."  Since issues previously considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a motion brought under § 2255,[32] this claim is DENIED.

The remaining ineffective assistance claims are based on arguments that, in previous sections of this order, were determined to lack merit.  If the claim lacks merit, counsel can not be ineffective for failing to raise it.  Accordingly, Petitioner's ineffective assistance claim is DENIED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct her sentence under 28 U.S.C. § 2255 is DENIED, and this case is DISMISSED with prejudice.  Petitioner's Motion to Conduct Discovery (Doc. No. 110) and Motion to Strike (Doc. No. 111) are DENIED.

IT IS SO ORDERED this 30th day of August, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[32]See *United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983) (Holding that since Petitioner's "illegal search and seizure argument was previously resolved adversely to him on direct appeal, it is not cognizable under section 2255.").