IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                RESPONDENT

v.                               4:04-CR-00228-WRW
                                 4:07-CV-00433-WRW

MARY K. EDELMANN                                                        PETITIONER

ORDER

Pending is Petitioner's "Notice of Refiling of Denial of Sixth Amendment Right to Effective Assistance of Counsel Claim and Motion for Findings on the Merits" (Doc. No. 120).

Petitioner asserts that the August 30, 2007, Order failed to address her ineffective assistance of counsel claim. Her assertion is meritless. The Order reads, in part:

> **J.     Ineffective Assistance / Denial of Conflict Free Counsel**
> Petitioner contends that her counsel was ineffective for (1) failing to file a motion to dismiss the indictment based on vindictive prosecution; (2) failing to raise the issue of invalid indictment on direct appeal; (3) failing to raise the issue of lack of jurisdiction; (4) allowing Defendant to be coerced into an invalid plea agreement; and (5) because counsel "labored under conflict of interest."[1]
>
> To prevail on an ineffective assistance of counsel claim, Petitioner must show both deficient performance and prejudice. Petitioner must demonstrate (1) that her counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[2]
>
> The Eighth Circuit already has determined that Petitioner's assertion that her counsel labored under a conflict of interest "is not supported by the record." Since issues previously considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a motion brought under § 2255,[3] this claim is DENIED.

---

[1] Doc. No. 104.

[2] *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[3] See *United States v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983) (Holding that since Petitioner's "illegal search and seizure argument was previously resolved adversely to him on direct appeal, it is not cognizable under section 2255.").

1

The remaining ineffective assistance claims are based on arguments that, in previous sections of this order, were determined to lack merit. If the claim lacks merit, counsel can not be ineffective for failing to raise it. Accordingly, Petitioner's ineffective assistance claim is DENIED.[4]

To the extent that Petitioner is raising new ineffective assistance claims, they are untimely[5] and successive. As amended in April 1996 by the Antiterrorism and Effective Death Penalty Act, § 2255 requires that all successive § 2255 motions be certified by the appropriate court of appeals before they are considered by the district courts. Because Petitioner failed to obtain certification from the Eighth Circuit Court of Appeals, her motion must be dismissed for lack of jurisdiction.[6]

And to the extent that this is a Rule 60(b)(1) Motion, it is untimely, because such motions must be filed "no more than a year after the entry of the judgment or order or date of the proceeding."[7] The disputed Order was entered almost 20 months ago.

Based on the findings of fact and conclusions of law above, Petitioner's Motion (Doc. No. 120) is DENIED.

IT IS SO ORDERED this 15th day of April, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 113.

[5] Defendants' statute of limitation for filing a § 2255 motion expired on November 20, 2007.

[6] *Boykin v. U.S.*, 242 F.3d 373 (8th Cir. 2000).

[7] Fed. R. Civ. P. 60(c)(1).